**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 1:13-cv-_____

HENRY DRAKE AND JUDITH DRAKE, individuals,

    Plaintiffs,

v.

MESA COUNTY, State of Colorado;
CHRISTIE BARTON, an individual;
COLORADO RSA NO. 3 LIMITED PARTNERSHIP,
D/B/A VERIZON WIRELESS; and
MONUMENT BAPTIST CHURCH, a Colorado non-profit corporation,

    Defendants.

---

**DEFENDANTS COLORADO RSA NO. 3 LIMITED PARTNERSHIP, D/B/A VERIZON WIRELESS' AND MONUMENT BAPTIST CHURCH'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF**

---

Defendants Colorado RSA No. 3 Limited Partnership, d/b/a Verizon Wireless ("Verizon Wireless") and Monument Baptist Church ("Church") (collectively "Defendants"), through their counsel, for their Answer with Affirmative Defenses to Plaintiffs' Amended Complaint and Request for Declaratory Relief ("Complaint"), state as follows.

## PARTIES

1.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, deny the same.

2.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny the same.

3.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, deny the same.

4.     Verizon Wireless admits Colorado RSA No.3 Limited Partnership, d/b/a Verizon Wireless is a Delaware limited partnership doing business in Colorado. Except as otherwise stated, Verizon Wireless denies the allegations in paragraph 4.

5.     Defendants admit the allegations set forth in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     As this case was removed to the United States District Court for the District of Colorado, the allegations contained in Paragraph 6 of the Complaint are not applicable. To the extent an answer is required, Defendants deny the same.

7.     As this case was removed to the United States District Court for the District of Colorado, the allegations contained in Paragraph 7 of the Complaint are not applicable. To the extent an answer is required, Defendants deny the same.

## GENERAL ALLEGATIONS

8. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, deny the same.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, deny the same.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, deny the same.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny the same, and specifically deny any claim of damage or harm.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, deny the same, and specifically deny any claims of alleged health problems or risks, or of damage or harm.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, deny the same, and specifically deny any claims of alleged health risks, or of damage or harm.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, deny the same.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, deny the same.

18. Verizon Wireless is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19. Verizon Wireless is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies the same.

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, deny the same.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint with respect to what Defendants Mesa County and Christie Barton did and, therefore, deny the same. Defendants deny the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, deny the same.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment Pursuant to § 13-51-101, *et seq.* and C.R.C.P. 57

32. Defendants incorporate the above responses as though fully set forth herein.

33. The allegations in paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 35.

## SECOND CLAIM FOR BELIEF

### Declaratory Judgment - *Ultra Vires*

36. Defendants incorporate the above responses as though fully set forth herein.

37. The allegations in paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The allegations in paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## THIRD CLAIM FOR RELIEF

**Violation of Plaintiffs' Procedural Due Process Rights Under 42 U.S.C. § 1983**

42. Defendants incorporate the above responses as though fully set forth herein.

43. The allegations in paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 43.

44. The allegations in paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 44.

45. The allegations in paragraph 45 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 45.

46. The allegations in paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 46.

## FOURTH CLAIM FOR RELIEF

### Injunction

47. Defendants incorporate the above responses as though fully set forth herein.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Award of Attorney's Fees and Costs Under 42 U.S.C. § 1988

50. Defendants incorporate the above responses as though fully set forth herein.

51. The allegations in paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations asserted in paragraph 51.

52. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 and, therefore, deny the same.

LITIGATION/3805155.1

53. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 and, therefore, deny the same.

Defendants specifically deny each and every allegation set forth in the Complaint not specifically addressed herein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are or may be barred or limited pursuant to provisions of federal law including, but not limited to, 47 U.S.C. § 332.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

4. Plaintiffs' claims are barred, in whole or in part, by waiver.

5. Plaintiffs' claims are barred, in whole or in part, by acquiescence.

6. Plaintiffs have suffered no injury or damages.

7. Plaintiffs' damages, if any, were as a result of the natural and proximate cause of Plaintiffs' own actions or inactions.

8. Plaintiffs failed to mitigate their damages, if any; and thus, their alleged damages are or may be barred.

9. Plaintiffs' claims are barred against Verizon Wireless and the Church to the extent caused or contributed by the act or omissions of Plaintiffs, other named Defendants, and / or third parties.

10. Verizon Wireless and the Church owed no duty to Plaintiffs for the manner and cause of the injuries alleged.

11. Verizon Wireless and the Church were not the actual, factual or proximate cause of any alleged injuries and damages suffered by Plaintiffs.

12. Plaintiffs' damages, if any, have been caused in whole or in part by the fault of parties other than Verizon Wireless and the Church and, hence, Plaintiffs' damages shall be governed by §§ 13-21-111, 111.5, C.R.S.

13. Plaintiffs' damages, if any, were caused by acts of other persons over whom Verizon Wireless and the Church had no control or right to control.

14. Verizon Wireless and the Church reserve the right to assert, *inter alia*, other affirmative defenses, counterclaims, cross-claims, or third-party claims, as discovery proceeds.

WHEREFORE, Verizon Wireless and the Church deny that Plaintiffs are entitled to any relief whatsoever, and respectfully request that judgment enter dismissing Plaintiffs' Claims against Verizon Wireless and the Church with prejudice, and awarding Defendants their costs, expert fees as allowed by law, and for such further relief as the Court deems appropriate.

DATED: April 22, 2013.

                    SHERMAN & HOWARD L.L.C.

                    <u>s/ Mark W. Williams</u>
                    Mark W. Williams
                    Melissa Kerin Reagan
                    Sherman & Howard L.L.C.
                    633 17th Street, Suite 3000
                    Denver, CO  80202-3622
                    Telephone:  303-297-2900
                    Email:   mwilliams@shermanhoward.com
                           mreagan@shermanhoward.com

Attorneys for Defendants Colorado RSA No. 3 Limited Partnership, d/b/a Verizon Wireless and Monument Baptist Church

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2013, a true and correct copy of the foregoing **DEFENDANTS COLORADO RSA NO. 3 LIMITED PARTNERSHIP, D/B/A VERIZON WIRELESS' AND MONUMENT BAPTIST CHURCH'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF** was sent via U.S. Mail, postage prepaid and electronic mail addressed to:

> Dan E. Wilson, Esq.
> Dan E. Wilson, Attorney at Law, LLC
> 607 25 Road, Suite 201
> Grand Junction, CO  81505
> Email:  dan@danwilsonlaw.us
> *Attorney for Plaintiffs*
>
> Matthew Sura, Esq.
> 1275 East Ridge Avenue
> Boulder, CO  80303
> Email:  mattsura.law@gmail.com
> *Attorney for Plaintiffs*
>
> Alan Hassler, Esq.
> The Hassler Law Firm P.C.
> 2920 North Avenue, Suite 205
> P.O. Box 40386
> Grand Junction, CO  81504
> Email:  anhassler@hasslerlawpc.com
> *Attorney for Defendant Mesa County*
> *and its Board of County Commissioners*
> *of Mesa County and Christie Barton*

s/ Donna L. Fouts<br>
Donna L. Fouts, Legal Secretary